IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE WRINN, JR.,

                           Plaintiff,                       Case No. 3: 06 CV 2188

        -vs-

                                                    <u>MEMORANDUM   OPINION</u>

DAREN JOHNSON, etc., et al.,

                          Defendant.

KATZ, J.

This matter is before the Court on the defendants' motions to dismiss (Doc. 2, 14, 22), the plaintiff's responses (Doc. 13, 17, 24) and the defendants' replies (Doc. 16, 18).  This Court has jurisdiction pursuant to 18 U.S.C. § 1331.

**I. Background**

Plaintiff Eugene Wrinn, Jr. brings this lawsuit under 42 U.S.C. § 1983 against Defendants Daren Johnson, G. K. Manley and K. J. Koverman of the Ohio State Highway Patrol, in addition to other law enforcement officers.  Interested party, Ohio State Highway Patrol, moves the Court to dismiss this case because (1) Plaintiff is specifically barred from filing this § 1983 under Ohio Rev. Ann. § 2743.02(A) and (2) pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff fails to state a § 1983 claim against Defendant Koverman for which relief can be granted.

On September 11, 2006, Plaintiff filed the case before this Court.  On September 13, 2006, Plaintiff filed a complaint in the Ohio Court of Claims regarding the same incident from which this lawsuit arises. That lawsuit named OSHP, Daren Johnson and G.K. Manley as defendants.  In both lawsuits, Plaintiff alleges that on September 16, 2005, he was driving on Interstate Highway

75 when his car crashed head-on into a truck. Following the accident, Plaintiff alleges that Defendants Johnson and Manley used excessive force on him, causing injuries. Defendant Koverman is named because of his supervisory position over Defendants Johnson and Manley. Plaintiff alleges that the actions of Johnson, Manley and Koverman violated his rights under the U.S. Constitution and Ohio tort law.

## II. Standard of Review

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, (1957); *see also Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir.2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)). When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

The Court is faced with a choice between following Sixth Circuit precedent and dismissing this case, or adhering to the statute as interpreted by the Ohio Supreme Court and allowing the case to continue in this Court.

The Ohio Court of Claims Act ("O.C.C.A."), Ohio Rev. Code § 2743.02(A) provides the following:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

The Sixth Circuit has held, en banc, and reiterated more than once, that a claim cannot be brought in federal court if it is also brought in the Ohio Court of Claims.  *Leaman v. Ohio Dep't of Mental Retardation*, 825 F.2d 946 (6th Cir.1987) (en banc) ("Where a claimant elects to sue the state in the Court of Claims, in other words, the state's employees are given an affirmative defense which the federal court has both the jurisdiction and the duty to recognize."); *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir.1995); *Portis v. State of Ohio*, 141 F.3d 632, 633-34 (6th Cir.1998) (applying *Leaman*).

The Ohio Supreme Court has ruled that the O.C.C.A. only applies to state law claims and does not apply to bar federal claims that arise from the same set of facts as a claim brought in the Ohio Court of Claims.  *Conley v. Shearer*, 64 Ohio St.3d 284, 292-93 (Ohio 1992).  "Those sections, however, do not apply to claims brought under federal law. R.C. 9.86 expressly limits its

3

coverage to 'any civil action that arises under the law of this state * * *.'" *Id.* "Moreover, the United States Supreme Court has concluded that '[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law,' 'even though the federal cause of action [was] being asserted in the state courts.'" *Id.* (citing *Howlett v. Rose*, 496 U.S. 356, 376 (1990)). "Similarly, federal courts in Ohio have concluded that R.C. 9.86 and 2743.02(F) do not apply to Section 1983 claims even when such claims are pursued in state court." *Id.*

As recently as 1998, the Sixth Circuit has held that "where a federal court plaintiff files a related action in the Court of Claims, she has waived her right to sue the state officials for monetary damages in federal court." *Turker* at 459.  The Circuit also acknowledged that, "[a]lthough this portion of *Leaman* produced six dissenters, and has been the target of much scholarly criticism, [footnote omitted] it remains the law of this circuit."  *Id*. at 457.  "The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."[1]  *Id*. at 457-58.

However, the Court also noted that there may be other language in the statute that could affect how a case fares in federal court, side-stepping the issue of waiver.  Basically, the Circuit noted that if the Court of Claims finds that the state employees acted "outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner," then the waiver would not apply and the case could proceed in federal court.

---

[1] Indeed, it was a dissenter of the en banc *Leaman* decision who authored the panel's opinion in *Turker*.  This demonstrates the impact and authority of an en banc decision.

4

We must make one addendum to the above discussion. Ohio has created a limited exception to the rule that state employees may not be sued in their official capacities. As set forth in § 2743.02(A)(1), Ohio state employees can be sued for damages in their official capacities if their actions were "manifestly outside the scope of [their] office or employment or [they] acted with malicious purpose, in bad faith, or in a wanton and reckless manner." The determination of whether a state employee's actions were ultra vires or malicious is to be made exclusively by the Ohio Court of Claims. *See* Ohio Rev.Code § 2743.02(F); *Thomson*, 65 F.3d at 1318 n. 3; *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989).

The district court noted that at the time it was considering the motion to dismiss, the Ohio Court of Claims had not yet determined whether the defendants' alleged actions were taken outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner. Should the Ohio Court of Claims so find, then the district court (as it held) must reinstate Turker's claims as if no waiver had ever occurred.

*Id*. at 458.

This Court is faced with a clear contradiction of interpretation between two courts the precedents of which it is bound to respect.[2]  It is well established that the highest court of a state is

---

[2]

The Court is aware of another Circuit opinion that has interpreted the O.C.C.A. language at issue. In *Tweed v. Wilkinson*, a three-judge panel of the Circuit wrote that "[*Leaman* implied] that a waiver occurs only if the plaintiff has pursued an Ohio Court of Claims case to the point of a judgment on the merits." 1998 U.S. App. LEXIS 8535 at *4 (6th Cir. 1998) (citing *Leaman*, 825 F.2d at 955). *Tweed* was decided on April 29, 1998, mere months before *Turker* was decided on October 5, 1998. *Turker* is the more recent opinion of the two.

Further, the Court notes that the portion of *Leaman* which the *Tweed* court cited appears to have been made in the course of drawing an analogy between the O.C.C.A. and the Federal Tort Claims Act and other laws that create a waiver of claims against the *federal* government in exchange for some other remedy.

If that provision of federal law [the Federal Tort Claims Act] does not sully the skirts of justice with the detritus of the marketplace, neither does the waiver provision of the Ohio Court of Claims Act. . . . [O]ne who does not pursue his remedies against the federal government is not required to give up any claim he may have against the federal government's servants; but one who pursues his statutory remedies against the United States to the point of judgment

(continued...)

5

the ultimate authority on the construction of statutes of that state. *Johnson v. Fankell*, 520 U.S. 911, 916 (1997). The Supreme Court of Ohio has interpreted the O.C.C.A. language at issue here as being inapplicable to federal causes of action. In other words, a plaintiff may file and maintain causes of action arising from the same facts in both the Ohio Court of Claims and this Court. *Conley*, supra. However, the Sixth Circuit, both before and after the Ohio Supreme Court's ruling in *Conley* in 1992, has interpreted the O.C.C.A. language as requiring a complete waiver of all claims, including federal claims, upon the filing of a similar complaint in the Ohio Court of Claims. *See Leaman*, supra (1987) (en banc) and *Turker*, supra (1998). The *Turker* court, in citing *Conley*, considered itself "precluded from departing from *Leaman* and *Thomson*'s holdings. That can only be done by an en banc [Sixth Circuit]. Of course, such a course of action remains open to both Turker and the defendants." *Turker*, 157 F.3d at 460.

It appears incongruous to this Court that such disparate interpretations could persist between the Ohio Supreme Court and the U.S. Court of Appeals for the Sixth Circuit, given the traditional deference of federal courts to the construction of state statutes by the highest state court. The court that has issued the more recent decision, and the one to which the decisions of this Court are subject to appeal, is the federal appeals court. As the *Tucker* court noted, only that

---

[2](...continued)
> -- even an adverse judgment or a judgment for only a small part of the amount claimed -- bars himself from any recovery against federal employees.

*Leaman*, 825 F.2d at 955.

Finally, the Court notes again the language in *Turker* with regard to adhering to *Leaman*: "[*Leaman*] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Turker*, 157 F.3d at 457-58.

court, sitting en banc, can overturn its decision in *Leaman* and align itself with the Ohio Supreme Court on this issue.  This Court is therefore bound to follow *Tucker* in spite of the divergence of interpretations.[3]

Finally, the Court notes that, should the Ohio Court of Claims find liability against the defendants in that case, and further determine that the defendants acted "outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner," then this Court would appear to be bound to grant reinstatement of the underlying matter before it. Ohio Rev. Code § 2743.02(A); *Turker*, 157 F.3d at 458.

**Conclusion**

For the reasons described herein, the defendants' motions to dismiss (Doc. 2, 14, 22) are hereby granted.

IT IS SO ORDERED.

   s/ *David A. Katz*   
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[3] The Court, however, also notes that this issue might be appropriate for the parties to at least consider resolving via appeal to the U.S. Court of Appeals for the Sixth Circuit and encourages the parties to do so.  If the Circuit chooses to overrule *Leaman* and its progeny, then this case will take on a different light.  If the Circuit confirms its prior opinions, then this decision will remain in force with regard to that issue.  This Court will follow the Circuit's precedent and not speculate on the potentiality of such a situation, except the foregoing.

7