IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE WRINN, JR.,

        Plaintiff,      Case No. 3: 06 CV 2188

 -vs-

                     MEMORANDUM OPINION
DAREN JOHNSON, etc., et al.,       AND ORDER

         Defendant.

KATZ, J.

  Plaintiff filed this action on September 11, 2006 alleging that Defendants used excessive force against him. Such claim was under 41 U.S.C. § 1983. Other claims were included in the complaint. On September 13, 2006 Plaintiff filed a cause of action against the Ohio State Highway Patrol in the Ohio Court of Claims. Also named were Sergeant Johnson and Trooper Manley as Defendants.

  Thereafter, the Ohio State Highway Patrol filed a motion to dismiss in this Court on behalf of itself and Defendants Manley, Johnson and Koverman. That motion was based upon the waiver provision contained within Ohio Revised Code § 2743.02(A). Simply stated, that section holds that a plaintiff may sue the state under section 1983 in the Court of Common Pleas or a federal court instead of the Court of Claims, but if he should choose the Court of Claims he is bound by that decision and barred from filing in any other court. This Court issued a memorandum opinion and judgment on August 13, 2007 granting the motion to dismiss the state actors based upon the above noted section of the Ohio Revised Code. That decision was based upon the choice this Court made to follow Sixth Circuit precedent rather than precedent established by the Ohio

Supreme Court which would appear to permit the case to continue before this Court as to those Defendants. The Sixth Circuit has held in an en banc decision, that a claim cannot be brought in federal court if it is also brought in the Ohio Court of Claims. *Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987)(en banc); *Portis v. State of Ohio*, 141 F.3d 632 (6th Cir. 1998)(applying *Leaman*). Because those rulings by the Sixth Circuit appear to be at odds with those of the Ohio Supreme Court in interpreting this statute, this Court suggested to the parties that the matter be considered for intermediate appeal pursuant to either Fed. R. Civ. P. 54(b) of 28 U.S.C. § 1292(b). Plaintiff has filed a motion for interlocutory appeal certification or, alternatively, Rule 54(b) certification and related stay of further proceedings. (Doc. No. 36). That motion has been opposed by the Ohio State Highway Patrol, Sergeant Johnson, Trooper Manley and Lieutenant Koverman.

The remaining Defendants in this case include the Allen County Sheriffs' officers, Allen County, the Lima Police Department officers and the City of Lima; those claims arise out of the identical set of circumstances giving rise to the claim against the Ohio State Highway Patrol and its officers. Were this case to proceed against the Defendants currently before the Court it would entail discovery and subsequent consideration of dispositive motions and/or trial, all of which could have to be repeated if the appellate court determined that this Court improperly granted the motion to dismiss. Clearly, the first requirement under Rule 54(b) of an entry of final judgment as to one or more, but fewer than all of the claims of the parties has been accomplished. The operative facts which give rise to the claim against the dismissed Defendants and those still before the Court are not distinct but identical.

Rule 54(b) also requires that this Court make an express determination that there is no just reason for delay of appellate review. The Sixth Circuit set forth a "non-exhaustive list" of factors for a district court to consider in certifying a case for interlocutory appeal:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might no be mooted by future developments in the district court; (3) the possibility that the reviewing court [*9] might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counter claim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening th tie of trial, frivolity of competing claims, expense and the like. Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1283 (6th Cir. 1986)(quoting *Allis-Chambers Corp. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975)).

As this Court has stated in a previous similar instance, it is mindful of the Sixth Circuit's admonition that a Rule 54(b) appeal be limited to "infrequent harsh cases". There is little possibility that the claim against the dismissed Defendants would be mooted by any continuing action taken by this Court as to the remaining Defendants. It is also extremely clear that were this motion for intermediate appeal and stay not granted there would arise the distinct possibility of the remaining parties continuing, at significant cost, the litigation and the same having to be repeated again should the appeal by Plaintiff anticipated by the motion be successful. Additionally, to go forward without the dismissed Defendants and before a determination by the Sixth Circuit of the appropriateness of their dismissal would be a waste of judicial time and assets.

For the foregoing reasons, and in order to prevent inappropriate expenditure of litigants time and money as well as of judicial resources, Plaintiff's motion to pursue an intermediate appeal pursuant to Rule 54(b) is granted and the motion to stay further proceedings herein is

granted (Doc. No. 36); such stay will continue until the determination of the matter on appeal to the Sixth Circuit.

      IT IS SO ORDERED.

                                                  S/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE